**Romeo Duyan MAPALAD, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–74514.

Agency No. A72–511–668.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided March 28, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Evelyn Alfonso, San Mateo, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Victor M. Lawrence, Teresa L. Donovan, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM [**]

Romeo Duyan Mapalad, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his requests for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a.[1] We grant the petition for review and remand to the BIA for further proceedings.

Mapalad arrived in the United States in 1991, and he filed an asylum application based on his fear of persecution on account of his activities as an informant against the New People's Army ("NPA"), a communist guerilla organization in the Philippines, that lead to threats against his life.[2] The IJ denied Mapalad's asylum application after concluding that Mapalad was not credible, and in the alternative, that the threats against him were not on account of a protected ground.

Where, as here, the BIA adopts and affirms the IJ's decision without its own independent analysis, we review the IJ's decision as the basis for the agency's decision. *Mariscal–Sandoval v. Ashcroft*, 370 F.3d 851, 854 (9th Cir.2004). We review an IJ's findings, including adverse credibility determinations, under the substantial evidence standard. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004).

"To determine whether substantial evidence supports the IJ's credibility finding, we evaluate each ground cited by the IJ for his finding." *Ding v. Ashcroft*, 387 F.3d 1131, 1137 (9th Cir.2004). Here, the IJ articulated two grounds for its adverse credibility determination.

First, the IJ found that Mapalad's passport, which listed that he was a "business man," and the biographic information on his 1992 asylum application, which stated he was an officer in a beauty supplies company from 1988 to 1991, were inconsis-

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") has replaced Section 1105a with Section 1252. However, the new provision does not apply to petitions such as Mapalad's whose deportation proceedings commenced before April 1, 1997. As the Board of Immigration Appeals rendered its decision after October 30, 1996, IIRIRA's transitional rules apply. *See* IIRIRA § 309(c)(1).

2. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

tent with his testimony at the hearing. Mapalad testified that he was listed as a company officer from 1988 to 1991, even though he had spent only a few months in 1988 helping the company to obtain permits expeditiously and did so without receiving any compensation. The IJ found Mapalad not credible because he considered this testimony to be "basically unbelievable."

■ However, the IJ failed to address Mapalad's explanation: Mapalad testified that the person who operated the company was his friend, and that he helped the company to obtain licenses and permitted the company to list him as an officer out of friendship. We conclude that the IJ's adverse credibility determination was not supported by substantial evidence. *See, e.g., Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency.").

In addition, "[i]nconsistencies in [a] petitioner's statements must go to the heart of the asylum claim to justify an adverse credibility finding." *Id.* at 884. Whether Mapalad accurately described his relationship with the beauty products company does not go to the heart of Mapalad's claim, which centers on his activities as an informant *prior* to the period in question. Moreover, the portions of Mapalad's testimony that do go to the heart of his asylum claim are consistent with his 1992 asylum application.

■ Second, the IJ explained that his skepticism was "enhanced" by the circumstances surrounding Mapalad's entry into the United States with a nonimmigrant visitor's visa. However, we have repeatedly held that the use of false documents to escape persecution and enter the United States may be "fully consistent with the claim of asylum" and therefore does not

support an adverse credibility finding. *See, e.g., Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (citation omitted). Because neither basis for the IJ's adverse credibility determination is sound, we reverse.

■ The IJ's alternative conclusion, that "whatever threats [sic] to [Mapalad] the NPA posed, it was not on the basis of . . . political opinion," is not supported by substantial evidence and conflicts with our mixed-motives jurisprudence. It is well-established that because "[a] persecutor may have multiple motives for inflicting harm on an asylum applicant," an asylum applicant need only provide "evidence from which it is reasonable to believe that the persecutor's action was motivated, *at least in part,* by a protected ground." *Deloso v. Ashcroft,* 393 F.3d 858, 864 (9th Cir.2005) (emphasis added); *see also Singh v. Ilchert,* 63 F.3d 1501, 1509 (9th Cir.1995) ("[P]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied."). Mapalad credibly testified that after effectively informing against drug dealers for a year and a half, he was asked to inform against NPA members. He explained that he agreed to inform against the NPA because he did not agree with the NPA's political views, that he targeted individuals he believed were relaying information to the NPA, and that some of the NPA members he targeted were also drug dealers. Several of the NPA members Mapalad had targeted were prosecuted. Mapalad continued to inform against the NPA for three and a half years, until the police officer to whom he reported was assassinated by the NPA.

Although it is entirely possible that the NPA in part threatened Mapalad in retaliation for interfering with NPA drug opera-

tions, the NPA was surely targeting Mapalad also because in harming the NPA his actions were seen as anti-NPA and what it stands for. "[P]olitical revenge and political persecution are not mutually exclusive." *Lim v. INS*, 224 F.3d 929, 934 (9th Cir.2000) (finding well-founded fear of persecution on account of political opinion where evidence indicated guerillas had mixed "revenge-plus" motive to threaten former police officer who testified against the NPA); *see also Borja v. INS*, 175 F.3d 732 (9th Cir.1999) (en banc); *Briones v. INS*, 175 F.3d 727 (9th Cir.1999) (en banc). Thus, Mapalad has presented a quintessential "mixed motives" case.

In sum, the IJ's adverse credibility findings were not supported by substantial evidence, and the record compels the conclusion that Mapalad's fear of future persecution on account of a protected ground is subjectively and objectively reasonable, with one caveat. The government argues that Mapalad should nonetheless be denied eligibility for relief because the State Department's Asylum Profile indicates that the NPA has weakened and that, as a result, internal relocation is reasonable. It advances this position despite our holdings in *Lim*, 224 F.3d at 935, *Briones*, 175 F.3d at 729, and *Borja*, 175 F.3d at 738, that country reports indicating that the NPA is *less* capable of killing its opponents are not adequate to establish that internal relocation is reasonable. However, because neither the IJ nor the BIA reached the issue of changed country conditions, we remand to the BIA for further consideration of Mapalad's petition for asylum with respect to feasibility of relocation. *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Because of the IJ's faulty analysis of Mapalad's asylum claim, it did not consider his claim for withholding of removal. We remand also to allow consideration of that claim.

### CONCLUSION

Mapalad is eligible for asylum unless relocation is feasible. We remand for that determination and alternatively, if relocation is not feasible, for the Attorney General to exercise its discretion to grant asylum. We also remand for a determination of whether Mapalad is entitled to withholding of removal.

**PETITION FOR REVIEW GRANTED AND REMANDED.**